Arthur Markewich, J.
Defendant invokes section 193 of the Civil Practice Act, in this motion to add parties plaintiff and to stay all further proceedings until such additional parties appear. Defendant and plaintiff, then husband and wife, were separated pursuant to an agreement entered into 25 years ago and which is the basis for the action. Elaborate provision was made therein for the support of plaintiff and her then infant children. It was further provided that “ all sums payable by the husband to the wife ” thereunder “ be recoverable by the wife by suit from time to time as they become due ”. The agreement went on to recite that, upon the happening of certain events (concededly, these have occurred), the husband would have the right in his discretion to pay directly to each child a part of the payments due the wife up to a stated maximum; should he do so, the payments thereafter by husband to wife would be reduced by the amount so paid to the children but not beyond the stated maximum for each. However, said the agreement: “if such child shall have an income from any estate, gift, trust or from any inheritance, then the amount of such income received by such child therefrom * * * may be deducted from the payments made to such child by the husband. ’ ’ Defendant has not paid certain monthly payments amounting to $18,333.33 for which plaintiff has brought the instant action. So far as is ascertainable from the papers, these payments were not made nor did defendant make any direct payments to the children.
Defendant seeks to bring in the children as indispensable or conditionally necessary parties. He urges that, unless they are made parties herein, incomplete information covering the receipt of moneys from estates, gifts, trusts and inheritances will be before the court and that an effectual determination cannot be had without that information. He argues further that it is impossible for him to secure complete relief unless the children, as well as plaintiff, are parties. The court does not agree. Plaintiff seeks to secure sums of money unpaid either to her or to the children at the institution of suit, and for which she has the right to sue. If defendant is entitled to any setoff by reason of moneys received by the children from estates, gifts, trusts, or inheritances, it can be interposed defensively in this action without the appearance of the children.
Defendant argues that many points of friction in the relations of these parties and their children may be resolved by bringing the children in as parties. While this may be true generally, it has no application to this suit, for nothing done or said by the children can affect plaintiff’s, right to receive the payments. If, as defendant says, the payments to plaintiff are for the benefit *716 of the children up to the stated maximum, a claim by the children could not be asserted against plaintiff except possibly in one narrow situation. Much has been said about the position taken by plaintiff in the course of tax proceedings to the effect that at least part of the moneys paid her under the agreement were not alimony but support for the children and hence not taxable to her. Assuming this to be so, she would be a trustee of those moneys for her children as beneficiaries, and it is conceivable that, in the event of her failure to act to compel payment of these moneys, the children might, but only representing her, maintain an action for their payment. The very existence of the instant suit, however, precludes any possibility of such a claim of inaction as would support direct intervention by the children. Should plaintiff be successful in this action, recovery by her would discharge any conceivable obligation of defendant to the children and the children would be bound by such payment. It cannot therefore be found that the children are either indispensable or conditionally necessary parties.
The motion is denied, with leave to defendant to serve an answer within 20 days after service of a copy of this order with notice of entry.